Mr. J. Scott Bovitz, appearing for appellant, Craig Margulies for Appley, I believe he just stepped out of the courtroom. He's just arrived back. He's just arrived back. All right. Well, we'll let him. Don't run. Mr. Margulies.      All right. All right. All right. All right. All right. All right. All right. All right. Mr. Bovitz, for your case right now, and Daniel Weintraub as well, Mr. Margulies for appellee, Darrell Magg. And Mr. Weintraub, for Appley Southern California Research, LLC. All right. And I'll do it at the beginning on this one. Mr. Margulies and Mr. Weintraub, are you going to both argue? Yes. Yes, Your Honors. And how have you divided your time? Yes, I would take 13 minutes and I would reserve 2 minutes for Mr. Weintraub. Okay. All right. All right. Well, Mr. Weintraub, again, 2 minutes is not a lot at the end of 13 minutes, so. And he can't see you, I don't think, or can he? He can? There's a side screen. Oh, over here. Wave your arms. All right. If it goes over long and we don't stop. All right. Mr. Bovitz, do you wish to reserve any time for rebuttal? Five minutes, Your Honor. Thank you. You may commence. May it please the Court. Would the clerk like to check and see if Mr. Weintraub can hear me? I can. Thank you. I've had the fortune of teaching at three law schools and being a guest lecturer at some others. And I remember a visit to Chapman with the Honorable James Barr, who is no longer with us. And he was telling the class and me that every time I pick up the code, there's a new sentence, a new word, a phrase, something that's a little bit different. And I had a laugh. Because if you read Section 1112B and you read 1307, boy, they're similar. They talk about conversion or dismissal for cause, and they each have a list. 1307 talks about may convert, the power of the Court. 112 talks about shall, but gives the Court some ways out. And then the non-exclusive list for cause talks about really post-petition stuff. Dead or not doing this, dead or not doing that. Excuse me. The question is, does cause include pre-petition stuff? In Marama, the Court says, with respect to 1307, that's not our statute here. But it's very, very close. Yeah, heck sure it does. And you can look into the pre-petition stuff. I'm J. Scott Bovitz. I'm representing Southwestern Research, Inc., SRI. It's very confusing, because a debtor intentionally is named very similarly. One of the debtors, Southern California Research. And it's run by Daryl Mogg, Mr. Mogg, M-A-A-G. They are together, not consolidated, jointly administered in Chapter 11. When the bankruptcies were filed in January of this year, a judgment had been issued about 90 days before in favor of my client. For a lot of money. Maybe not a lot of money with respect to student loans and what's going on in Washington. But $21 million, that's against Mr. Mogg. And about $11 million, that's against SCR. And the judgment talked about atypical and egregious behavior by Mr. Mogg. Before the bankruptcy cases in connection with the activities with respect to the ultimate theft of the business and diversion of more than $5 million from having these employees at SRI work for SCR, his other company. And then, after a judgment was entered on October 20th, 2021, just last year, he engaged in aggressive pre-bankruptcy planning, if we could even call it that, including a transfer to his sons of about $290,000. Now, I don't know any father who would sue his son for $290,000, but that's the burden of a debtor in possession who wears the hat as a trustee. So the question that was raised before the court below was, we would like the case to be converted under 1112B. Now... And do you take the position, I mean, I think you do, that she concluded that this pre-petition conduct was irrelevant? Yes. That's exactly right out of the, within our appendix of record. She says, no, I don't think I'm going to look at that. And it's pretty early in the case. It was pretty early in the case. It was within about 60 days of the January filing. And while there were some pre-petition losses with respect to SCR, made a little bit of money in 2019, lost a little bit of money in 2020, the question was, was it too early to really tell what was going to go on? The court says, I don't know. It's early in the case. And we said, yes, Your Honor. You can look at cause post-petition, not very much yet. We don't know yet. But look at pre-petition cause. There's a lot. For example, in the state court litigation, there was funny business with respect to discovery, destroyed records, other bad things. It was that bad activity as found by the state court that ultimately led to the judgment that we call the default judgment. It wasn't because Mr. Mogg or SCR wasn't represented. And in fact, there were multiple pieces of litigation that ultimately resulted in this. Okay, so she says we're not going to look at that now. But do you think she precluded herself from looking at it the next day? No. No, I think we could renew our motion today. Then why is that order final? It's final because the wrong standard of law was used by the judge so she would never be able to reach back and look at the pre-petition. So in the scales of justice, we have the post- I thought you just said she could look at the pre-petition. Oh, I'm sorry. I misunderstood the court's question. I thought could the court reconsider or consider a new motion for conversion? Do you think that as a result of this ruling, she can never condition as part of the amalgam of facts that, you know, let's face it, on these dismissal motions, we always want it to be that one thing and it almost never is, and that this pre-petition conduct couldn't still be a thing she looked at? I would hope she would, but from the language of the court's ruling from the bench, I thought that the judge would not. And I want now to be able, now that we have post-petition developments that include no plan, $344,000 fee application by Mr. Mogg's counsel pending that we've just filed an objection to, continuing $10,000 to $15,000 a month of living expenses by Mr. Mogg, I want the court to consider all that post-petition stuff in a renewed motion or perhaps remand from this court along with... But this is not a final order, can't you? Well, Your Honor, I think that she's decided, the bankruptcy court, that she cannot or will not because that's not within the scope of what CAUSE, C-A-U-S-E, CAUSE is under 1112. That's how I interpret the judge's determination. So you'd be just fine if we determined that that's not her interpretation and that she's free to do that? That would help me, Your Honor, when I renew the motion, yes. My preference, skipping ahead to the prayer, is please, the bankruptcy court applied the wrong standard of law, therefore it was an abuse of discretion. Please go back and reconsider, Your Honor, in your basket of evidence, the post-petition stuff and the pre-petition stuff when you're weighing, when you're making that balancing. I would like that. This court has the power to say, beyond that, oh, wait, we also think from just the evidence. As a pragmatic matter, I mean, it strikes me, you're even in a worse position than to go back and relitigate an earlier marker, especially when you're telling us you have post-petition CAUSE now. I mean, that seems to be putting you at a disadvantage somewhat, largely because it may not, it doesn't seem like it's final. Things have happened in that interim that should weigh on that determination now, shouldn't they? Yes. Justice Breyer, I missed the very beginning of your question because of the echo in the room. If you could just repeat the first sentence. No, I was just saying that it seemed to me that if we granted that relief to say that it was an error of law to preclude ever looking at pre-petition, which is, I understand, your point on appeal, remand and tell her, go look at it, at that time, only on pre-petition, bad faith, bad acts, that seems to be a waste of time in light of what has transpired, which kind of is evidence that this is not final because you should look at it now as it sits, including whatever bad acts may have happened in the pre-bankruptcy phase. As the panel knows, we surveyed land on the really interesting issue of finality and gosh, I was teaching back when the Supreme Court decided that we all were in an unconstitutional system and predicted, ah, that would never be a problem at the Supreme Court. And we've been constantly trying to work on that in 28 U.S.C. 158. I think finality under Rinson, which is now the latest issue, latest statement from the Supreme Court, actually talking about finality, where a denial of a motion for relief from the automatic stay was deemed to be final for purposes of appeal because it was a discreet issue. We think that under Rinson that we come within, and perhaps the earlier cases are a little bit not as guided as they should be by Rinson. I don't think Rinson is consistent. I mean, I'll ask you a sort of a, you have, if that was a final order, if that was the final order on whether there could be a trustee or a conversion of this case, then while this appeal is pending, you couldn't have brought another motion, correct? We could have, but if I understood your question, could I have filed, during the pendency of this appeal, motion to convert to number two? Yes, but I would have the same problem, I believe, with the judge saying, Bovitz, I'm only going to consider... You couldn't have raised the pre-petition conduct under your theory. Because your theory is that was entirely disposed of on this, and you couldn't have raised any number of other things. I mean, I think you would have been constrained in a way that finality... If it was a final order, then you couldn't ask her to revisit that on a different ground until we determined whether that you were right or wrong. And so she loses jurisdiction over that question under your theory. So that's where it seems inconsistent with what you just suggested. I'm here so that this Court can tell me, and tell the Bankruptcy Court, what can be considered. And ideally, when we're done, I'm over my short allotment here, and I'm going to step down in a moment. What I want is the ability to say to the Bankruptcy Court, please, Bankruptcy Court, think about this again. Maybe it's a renewed motion. Maybe it's on remand. I want you to consider the pre-petition bad stuff. There's a lot of it, a list of 12 or 14 different things. And now we have further developments within the bankruptcy case, losses, no Chapter 11 plan, and please convert at this time. Okay. All right. Thank you. Thank you. So you've got most of your five minutes left. I see four minutes left. Yes. All right, Counsel. Mr. McWillis, and again, you've got 13 of the 15 minutes, and Mr. Weintraub isn't here, so he can't reach out and grab you, but presumably do what's necessary to preserve his time. So let me start with a real simple question. Do you think that he can't, in connection with a future motion to appoint a trustee or seek conversion, that the entire pre-petition hearing of your pre-petition conduct of your client is verboten? Your Honor, I think you hit the nail on the head, and I think the Court can consider pre-petition conduct at any point, and I think the Court believes it can consider pre-petition conduct at any point. That is the crux of this appeal. Your Honors, my name's Craig Margulies. I'm with Margulies' faith. I represent the appellee Daryl Magg. He's a Chapter 11 debtor in the jointly administered cases, and Counsel, appearing remotely, represents Southern California Research, LLC, which is the other jointly administered debtor, Chapter 11 debtor in the case. And I'd like to point the Court, if I may, to an excerpt in the transcript, which is an exhibit to put in by the appellant, and it is Document 9-13, PDF 12, page 51, lines 5-9, where the Court stated, certainly there are issues of conduct by Mr. Magg, but that alone I think does not support a finding of bad faith that would justify a conversion or appointment of a trustee at this stage, it was three weeks I'm paraphrasing here, that was three weeks into the case when they filed it, at this stage, certainly without a record as to post-petition conduct. And what this one sentence says, and if you listen to the entire oral transcript, or transcripts, which I'm sure you have, she was looking at both. The first part of this sentence is, certainly there are issues of conduct by Mr. Magg, and she was referring to the pre-petition conduct, and if I look at that alone, it doesn't support a finding of bad faith, and certainly without the post-petition. This shows she was looking at both the entire time. So I really don't, when I got this appeal, I was taken aback because they completely misstate what the judge says. Isn't that the crux of this? I mean, it really sounds like it, that there's a question of concern that as a matter of law, pre-petition conduct cannot be used as cause under 1112. I understand that's not your position, correct? Correct, and that was not the court's view. But there's language in the transcript and other places that if you focus on that alone, suggests that it's coming close to that. You are saying we need to look at the entirety of it, and given the timing of it, she made an evaluation and came out applying all of the factors to find that it was too early in light of this whole examination. But, and I think that there is a miscommunication as to that, but it also goes to the whole point of finality, doesn't it? Right. I would agree with your analysis there, Your Honor, is that potentially her language, the court's language, could have been more clear, but she did look at the totality of the circumstances. She went through a litany, a laundry list of factors, some of which were pre-petition factors, and some of which were post-petition. For example, she looked at whether or not this was a new debtor syndrome. She explained it. I think she defined it. And that could only happen pre-petition. So she did look at pre-petition factors as well as post-petition factors, and I would argue, and I can go into the whole issue of finality if Your Honors would like, because that was an order. But I don't think this is final. I don't think it is an interlocutory order where leave should be granted. Well, if you're conceding that they can consider pre-petition conduct, I mean, it doesn't sound like there's an actual dispute. Right. They could have renewed their motion, as Your Honors have said, and that probably would have better use of judicial resources than going through this whole appeal. It's a good argument from good lawyers. It's a great use of judicial resources. And I would submit that well, I would tell you the two cases that are on point with respect to finality and not interlocutory, they are persuasive cases. The U.S. Bakery case at 632 BR 312, Eastern District of California, 2021. Very recent. It cites to almost all the cases that are being put forth in the pleadings about finality and interlocutory, and found that the bankruptcy court denied the creditor's motion to convert from Chapter 11 to Chapter 7, and that order is not final and it's not interlocutory because it's not a discrete proceeding like Mr. Bovitz would like you to believe, like the Ritzing case, which is about relief from stay, which is a statutory It wasn't just stay relief in Ritzing. It was stay relief, and as a result of that stay relief motion, they were losing a fundamental right. It wasn't without, you know, I'm not going to let you foreclose today. It was that I'm never going to let you, what was it, try this in state court. So there was a, you know, I don't see us, I'll just be honest, I don't see us having that same level of discrete encapsulated dispute because Mr. Bovitz can bring his motion the next day. Mr. Bovitz can, on behalf of his client, argue the next day that now we've got four weeks of behavior, and that plus pre-petition rules, and you would agree that he has those rights. Absolutely. I would not disagree that if he renews the motion, pre-petition and post-petition conduct is at liberty to be discussed and argued. The court did not deny the motion with prejudice, said that it was an early stage, it was broad, and she sees some strategy that counsel do when they bring these motions early, but by bringing it early, you're also and she went through the laundry list of arguments. I don't see that this case was not filed in good faith, and I think that's what they're asking for. They want the court to only consider pre-petition conduct when they brought their motion and not let the judge consider post-petition, which the judge had to consider both, and the judge said that. The judge could. There could be pre-petition conduct. I don't think you'd disagree that we don't have to rule that pre-petition conduct absolutely can't be sufficient. Correct. I absolutely agree, and there's cases that were cited in the appellate briefs that were never cited in the briefing below, and I think all the cases are really a factual case-by-case basis, and you need to look at those, and therefore, I think it would be almost a clearly erroneous standard for you to overturn the court below on those issues, because it is a factual, and I would submit not a legal issue, as couched by Mr. Bovitz and his client. But more importantly, since it's not final, even though the motion could be brought again, there's nothing for us to decide today, is there? I would agree. It's not final. This appeal should be dismissed for lack of jurisdiction, and other cases, even another Supreme Court case that dealt with that issue is the Bullard case, which is a Supreme Court case. It's not on point in it being a conversion motion, but it's on point with whether or not something is final. Denying a confirmation motion... In Bullard, it was a confirmation motion that was denied with leave to amend and said, that's not final. But on the converse, if they had granted confirmation, that would have been a final order, and that's similar to the circumstance here as well, where you have cases that are dismissed. Right. Or if it's converted to Chapter 7, they lose rights. Here, the party's rights are the same, the creditors are in the same, all they have to do is proceed with the case. And therefore, it is not final. It's not interlocutory either, because you don't have the test met for interlocutory. It would be, it would be interlocutory if there was dispute as the application of pre-petition conduct. You're really saying it's not, you shouldn't grant leave. Correct. Right. You shouldn't grant leave because I don't think there was an issue as to the controlling question of law. I think the judge did apply pre- and post-petition conduct, as well as there has to be a substantial ground for a difference of opinion to exist. And I think what Mr. Bovis was saying is there is, if the ruling was that pre-petition conduct cannot be a cause under 1112, but you've repeatedly said that you agree that it can, it can be considered. So I think that kind of moots the interlocutory question. Yes. And then some of the cases that were relied on, like the Mariama, the Marama case, the court directly said she didn't see that factually on point to the case because that was a Chapter 7 debtor trying to convert a case to Chapter 11, different facts, bad faith committed during the Chapter 7 case, hiding assets, lying on schedules, things of that nature. And the court just said that's not on point to this. Didn't find that there was any hiding of assets or schedules were filed. There was no evidence that they weren't accurate. So Mariama just wasn't on point for this court, for this case. But again, I think we've belabored the point that pre-petition conduct is fine. So I would also submit that the pleadings go to great length to argue what's been going on since the pleading, since the motion. I would say that's all irrelevant and not part of this appeal and shouldn't really be considered. And I would just say that there's counter arguments to all that. We're submitting a plan within two weeks. We are moving forward, still in good faith in this case, to confirm a plan. So at this point, I've got four and a half minutes, but I will basically conclude, unless your honors have anything further to ask me, and I'll let my co-counsel let him proceed. We'll let Mr. Weintraub have his more than two minutes. Right, right. And I'm just asking that you would dismiss the appeal as lack of jurisdiction or in the alternative find that the court applied the correct legal standard and affirm the March 7th order. Thank you, your honors. Thank you. Mr. Weintraub. Good morning, your honor. Dan Weintraub of Weintraub and South on behalf of Southern California Research, LLC. Your honor, my client's interests are directly aligned with Mr. Magg. Mr. Margulies did an excellent job and in fact stole my thunder a bit. I don't want to take any more of the court's time. I will just really say that my client affirms all of the arguments that Mr. Margulies made with respect to finality of the order and the pre-petition conduct. Clearly Judge Saltzman evaluated because she said it specifically on the record that she was looking at pre and post petition conduct and the pre-petition conduct alone at this stage of the case in her view didn't satisfy the burden of finding that the appellants didn't carry their burden of finding a bad faith issue and basis for conversion. I think if the cherry picks a statement here or there from the court it really presents a misleading conclusion as to what Judge Saltzman was ruling. Thank you, your honors. Alright, Mr. Bovitz, you have four minutes and eleven seconds. Jay Scott Bovitz for appellant. Reading from the transcript of the hearing, which was shocking to me as I was there, the bankruptcy court said and I'm reading from the docket page, the appendix page 808, I think that, I also think that filing a motion under section 112 for conversion or appointment of a trustee very early in the case, you know, is problematic because I don't think that pre-petition conduct is a basis for conversion or for appointment of a trustee. I don't think that pre-petition conduct is a basis for conversion or appointment. Not this pre-petition conduct I'm going to kind of put it aside, but just not at all. And Marama is a totally different context and goes on. I thank Mr. Margulies for his concession with respect to my next motion if I have to bring one, but he's not the judge. I mean, that kind of guts the whole interlocutory nature of it which is a substantial question of dispute of law. There is no dispute of law here. Counsel is conceding that pre-petition conduct can be examined. Counsel can concede that, but that doesn't mean that the bankruptcy court, should I go back to the bankruptcy court for this argument tomorrow, will agree. I need instruction ideally from this court to explain to the bankruptcy court that that's not right. If it's not final, I do think it's final, but if it's not, this is probably an appropriate case to grant leave to appeal the interlocutory order so that we can address that discrete issue. Motion either on remand or a new motion tomorrow is the basket of evidence including pre-petition activity and post-petition activity, which I say it is. So just to clarify. What you're seeking from us is an order that says to Judge Saltzman, you weren't wrong about what you decided, but the next time you consider this, what you need to do is look at the entire totality of circumstances, which included pre-petition conduct. That's what you're looking for, an advisory decision from us. No. You're not looking for reversal. I'm looking for a standard. I am looking for reversal. I'm looking for a thank you for setting the trap for me. Judge, I'm looking for the standard to be applied with respect to that motion either on remand or the next motion. And the standard should include the pre- and post-petition. I think that an advisory opinion you're not going to get. I think in explaining why it's not final, it may be appropriate to say that there was no finality because there was no determination of any legal issue, including the use of this evidence. And it's not interlocutory because there is no substantial dispute of law. There's no reason to grant interlocutory review. So I think that's maybe as good as it's going to get. One of the things I've always said is even the devil can file a bankruptcy as long as he keeps his nose clean after. But that doesn't mean you ignore that it's the devil. In a Chapter 7, perhaps so. In a Chapter 11, there is a good faith implied requirement. And the Court could have said, no, I'm going to dismiss the case rather than that. We don't want this particular debtor to be free to manipulate the assets. That's why we ask for conversion rather than dismissal. I'm out of my time. I thank the Court for our unfortunately long appendix. And we appreciate very much the time. Alright. Thank you very much. This will be deemed submitted. Thank you very much for your good argument.
judges: Taylor, Spraker, Gan